IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08cv602-WHA |
| ) | |
| DSI and NUCOR, *et al*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Roger Reeves ("Reeves"), proceeding *pro se*, brings this Title VII action against defendant DSI Security Services, Inc. ("DSI") and NUCOR, doing business as American Buildings Company ("ABC"), alleging that he was retaliated against for filing discrimination charges with the Equal Employment Opportunity Commissioner ("EEOC") and subjected to a hostile work environment because of his race, African-American. He brings these claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981. The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 28 U.S.C. § 2000e-5.

Now pending before the court are the defendants' motions for summary judgment (docs. # 35 & 39). Reeves has filed responses in opposition to the motions (docs. # 44 & 45). After careful review of the motions, the briefs filed in support of and in opposition to the

motions, and the supporting and opposing evidentiary materials, the court concludes that the defendants' motions for summary judgment should be granted.

## II.  THE SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  FED.R.CIV.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the defendants' properly supported motion for summary judgment, Reeves is required to produce "sufficient [favorable] evidence" establishing a violation of Title VII or 42 U.S.C. § 1981. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact

3

and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations. . . ."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment. . . ."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children &*

4

*Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine

5

issue of material fact. *Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Reeves fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III. DISCUSSION

DSI provides contract security services to ABC's manufacturing plant. Reeves was hired by DSI in 2002 as a security officer, and he is assigned to ABC's plant in Eufaula, Alabama. Don Williamson ("Williamson") is an employee of ABC and often works in the same building as Reeves.

Reeves alleges the following acts constitute retaliation and create a hostile work environment.[2]

- In July 2007, the defendants gave a white employee overtime after "telling [Reeves] that they would get back to [him]" which was retaliatory and created a hostile work environment.

- On February 26, 2007, when Reeves was sick, the defendants "left him hanging on the telephone," so Reeves had to leave his post unattended and go to the emergency room. This "emotionally upsetting experience" was retaliatory and created a hostile work environment.

- In August 2007, the defendants refused to give Reeves information to enroll in the 401k plan in retaliation for filing an EEOC charge.

---

[2] The defendants argue that the plaintiff has failed to exhaust some of his claims and some of his claims are barred by *res judicata*. However, because the court concludes that the plaintiff is not entitled to relief on the merits of his claims, the court pretermits discussion of these specific issues.

- During the week of November 23, 2007, Reeves was forced to take 2 days off so that Reeves would not work more than 40 hours and get overtime in retaliation for filing EEOC charges.

- In September 2007, Williamson pointed to a truck bearing the name Koon which contributed to a hostile work environment.[3]

- On December 21, 2007, after Reeves hit a parked car, Reeves was required to drive to Dothan to receive a reprimand which constitutes a hostile work environment.

### A. RETALIATION

Reeves contends that he was retaliated against for filing EEOC charges in violation of Title VII and 42 U.S.C. § 1981.[4] "To establish a claim of retaliation under Title VII or section 1981, a plaintiff must prove that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) *quoting Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008). *See also Crawford v. Carroll*, 529 F.3d 961, 973-74 (11th Cir. 2008) *citing Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (*discussing the standard for retaliation claims*).

Reeves clearly establishes that he was engaged in statutorily protected activity. The parties do not dispute that complaining about racial discrimination and filing EEOC charges

---

[3] Reeves attempts to argue that Williamson created a hostile work environment by pointing out a driver named Boykin and a driver named Crowley. The mere fact that a supervisor refers to a driver by his given name even if the name contains the word Boy or Crow simply as a matter of law does not rise to the level of an actionable hostile work environment claim under any circumstance.

[4] Section 1981 encompasses retaliation claims. *See CBOCS West, Inc. v. Humphries*, ___ U.S. ___, ___, 128 S.Ct. 1951, 1954-55 (2008).

7

are protected activities. However, Reeves cannot establish the second and third prongs to sustain his retaliation claim. In order to establish a prima facie case of retaliation, the plaintiff must not only demonstrate that he participated in protected action or expression, but also that "a reasonable employee would have found the challenged action materially adverse 'which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington*, 548 U.S. at 68. *See also Burgos v. Napolitano*, 2009 WL 1515753, *3 (11th Cir. 2009) (No. 08-15042). Moreover, "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces injury or harm." *Burlington*, 548 U.S. at 67. The challenged action must be *materially* adverse because the Court "believe[d] it is important to separate significant from trivial harms." *Id*. at 68. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id*. The court applies an objective standard of that of the "reactions of a *reasonable* employee." *Id*.

   In support of his retaliation claim, Reeves asserts the following materially adverse actions: (1) in July 2007, the defendants assigned overtime to a white employee after telling him they "would get back" to him about working the hours, (2) during the week of November 23, 2007, Reeves was forced to take 2 days off so that he would not work more than 40 hours and get overtime, and (3) the defendants "left him hanging on the telephone," when he was sick so that he had to leave his post unattended to go to the emergency room.

The court concludes that Reeves has failed to demonstrate that a reasonable employee would find any of these actions materially adverse.

Reeves complains that in July 2007, the defendants did not "get back to him" about working overtime but instead allowed a white employee to work the hours. Even assuming the defendants "did not get back to him" about working the overtime, their failure to consult him is neither material nor significant. Reeves presents no evidence that he was entitled to work overtime. More importantly, however, the undisputed evidence demonstrates that during the week in question, Reeves actually worked 8 hours of overtime. *See* Dec. Eddie Sorrells, Ex. 1. Consequently, Reeves cannot demonstrate that a reasonable employee would find the action materially adverse.

The next allegedly retaliatory action occurred during the week of November 23, 2007. According to Reeves, he was forced to take 2 days off so that he would not work more than 40 hours that week and get overtime. The undisputed evidence demonstrates that Reeves was scheduled for and worked 40 hours during the week of November 22, 2007. (Dec. Eddie Sorrells, Ex. 2). While Reeves did not work overtime that week, he was paid at the holiday rate of pay for the double shift he worked on Thanksgiving day. (*Id*.) Reeves concedes that he is not guaranteed overtime but argues that "[n]o reasonable person want to work a double shift Thanksgiving and the day after to take two day off later." (Res. to Summ. J., doc. # 45). The problem with Reeves's argument is it is purely speculative and not grounded in fact. There is no credible evidence before the court to demonstrate that

9

Reeves suffered a materially adverse action as a result of the Thanksgiving week work schedule.[5]

Another act of retaliation allegedly occurred when the defendants "left [Reeves] hanging on the telephone," forcing him to leave his post unattended to go to the emergency room. While the court can appreciate the frustration of being placed on hold during a telephone conversation, this action constitutes nothing more than an "ordinary tribulation" that all persons have experienced. Reeves presented no evidence that he was disciplined for leaving his post, or that he lost any pay as a result of having to go to the emergency room. Consequently, the court concludes that no reasonable employee would find this action materially adverse.

Applying the *Burlington material* adversity and *reasonable* employee standard to the facts of this case, the court concludes that Reeves's complaints do not rise to the level of materially adverse actions that would dissuade a reasonable person from complaining about discrimination. *Burlington, supra*. At best, Reeves suffered "petty slights," "minor annoyances," or "simple lack of good manners." *See Burlington*, 548 U.S. at 68. Reeves's complaints that the defendants "did not get back to him" about overtime hours, "left him hanging on the phone" when he was sick and did not schedule him to work so that he would

---

[5] The court does not doubt that in some contexts scheduling an employee for work during a holiday could amount to retaliation. As the Court said in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006), "Context matters." Here, Reeves provides no context; he gives the court no facts about the schedule from which the court or any reasonable fact finder might conclude that the scheduling of him on Thanksgiving day was materially adverse.

10

get overtime are types of "ordinary tribulations" that all employees experience. The plaintiff points to no evidence that he suffered objectively materially adverse actions sufficient to establish a prima facie case of retaliation.

The final act of retaliation allegedly occurred when the defendants failed to give Reeves information to enroll in the DSI's 401k retirement plan in retaliation for filing EEOC charges. While the causal connection requirement under Title VII and section 1981 must be construed broadly, *E.E.O.C. v. Reichhold Chem., Inc.,* 988 F.2d 1564, 1571-72 (11th Cir. 1993) ("a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated"), a temporal relationship alone is insufficient to prove retaliation, and the court declines to credit a mere *post hoc ergo propter hoc* analysis. "'While the temporal relation between [a lawsuit and the relief sought] may be taken into account in determining ... a causal nexus, timing, in itself ... does not establish causation as a matter of law.' Rather, a court must include all of the surrounding circumstances in its causation determination." *Royal Crown Cola Co. v. Coca-Cola Co.*, 887 F.2d 1480, 1487 (11th Cir. 1989) (*quoting Pub. Law Ed. Inst. v. Dep't of Justice*, 744 F.2d 181, 184 n. 5 (D.C. Cir. 1984)). The plaintiff must come forward with some evidence that DSI's failure to give him enrollment forms for the 401k plan was causally connected to his filing of EEOC complaints. Reeves has failed to make this essential showing. The undisputed evidence before the court demonstrates that DSI informed all its employees, including Reeves, about enrollment in the 401k plan. Reeves does not dispute that he was

11

given information about enrollment. However, Reeves contends that Captain Bowers did not give him the information he requested three or four times. (Doc. # 45). Reeves does not point the court to any evidence that suggests that Captain Bowers knew that Reeves had previously filed EEOC charges. Thus, even assuming that failing to give Reeves the enrollment forms constitutes a materially adverse action, Reeves has failed to meet his burden of establishing a causal connection between the alleged protected activity and the materially adverse action. For the reasons as stated, the court concludes that Reeve has failed to establish a prima facie case of retaliation, and the defendants' motions for summary judgment on Reeves's retaliation claim are due to be granted.

### B. HOSTILE WORK ENVIRONMENT CLAIM

To establish a racially hostile work environment, harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Corbitt v. Home Depot, U.S.A., Inc.*, ___ F.3d ___, ___, 2009 WL 1981383, *10 (11th Cir. 2009) (No. 08-12199).

In opposing the defendants' motions for summary judgment, Reeves points to four incidents which he contends demonstrate racial animus sufficient to sustain a racially hostile work environment claim: (1) giving a white employee overtime in July without "getting back to him," and offering him the overtime, (2), leaving him "hanging on the telephone" when he was sick, (3) requiring him to drive to Dothan to receive a reprimand for hitting a parked car and then, failing to report the accident, and (4) Williamson pointing to a truck with the

12

the name Koon. These four incidents occurred between February 26, 2007 and November 23, 2007. Reeves argues that these incidents are sufficient to constitute a racially hostile work environment.[6]

Under the law of this circuit, a plaintiff establishes a prima facie case of racially hostile work environment harassment claim by showing: (1) that he belongs to a protected group; (2) that he has been subjected to unwelcome harassment; (3) that the harassment was based on his race; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create a discriminatory abusive working environment; and (5) a basis for holding the defendant liable. *See generally Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)(*en banc*). A plaintiff must establish that the harassment is sufficiently severe or pervasive "to ensure that courts and juries do not mistake ordinary socializing in the workplace . . . for discriminatory 'conditions of employment'" and to ensure that the courts are not creating a "general civility code." *Gupta v. Fla Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000). To be successful, "a plaintiff must establish not only that []he subjectively perceived the environment as hostile and abusive, but also that a reasonable person would perceive the environment to be hostile and abusive." *Id.* Finally, "[t]o constitute an actionable hostile environment, conduct must be objectively sufficiently severe or pervasive to alter the conditions of the victim's employment and create

---

[6] The court notes that this is not a situation in which racial slurs and racially offensive material were so "commonplace, overt and denigrating" that a reasonable jury could conclude that "they created an atmosphere charged with racial hostility." *Edwards v. Wallace Cmty Coll.*, 49 F.3d 1517, 1521-22 (11th Cir. 1995); *E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068 (11th Cir. 1990)

an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). It is the fourth element – conduct sufficiently severe or pervasive to alter the conditions of employment – "that tests the mettle of most . . . harassment claims." *Gupta,* 212 F.3d at 583.

> Workplace conduct is not measured in isolation; instead, "whether an environment is sufficiently hostile or abusive"must be judged "by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance' and whether it unreasonably interferes with an employee's work performance.'"

*Clark County Sch.Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001). *See also Mendoza*, 195 F.3d at 1246 (citations omitted); *Johnson v. Booker T. Washington Broad. Serv., Inc.,* 234 F.3d 501 (11th Cir. 2000); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 647 (11th Cir. 1997) (citing *Harris*, 510 U.S. at 23).

Viewing the evidence in the light most favorable to the plaintiff, the court concludes that Reeves has not established a prima-facie racially hostile work environment claim because the record contains no evidence that the conduct he was subjected to was sufficiently severe or pervasive to affect a term or condition of his employment and create a hostile or abusive work environment. Applying the requisite factors to the totality of these events, the court concludes that the plaintiff has failed to establish a genuine issue of material fact regarding whether the conduct at issue was objectively sufficiently severe or pervasive to alter the terms and conditions of his employment and create a hostile or abusive working environment. The four incidents occurred over a nine-month period. Even if the court

assumed that four incidents over a nine-period weigh in favor of Reeves,[7] the severity of the incidents militate against a finding that the incidents were sufficiently pervasive to alter Reeves's work environment. Reeves presents no evidence that he was hindered in his ability to do his job as a result of these incidents. Reeves complains about four sporadic and stray incidents over a nine-month period in 2007. This is not a situation where "the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Butler*, 536 F.3d at 1214. The incidents Reeves points to are simply not so severe or pervasive as to render the workplace objectively hostile or abusive. Based on the foregoing, the court concludes that the defendants' motions for summary judgment on Reeves's hostile work environment claim are due to be granted

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motions for summary judgment be GRANTED and that this case be DISMISSED with prejudice. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 11, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[7] Even if the plaintiff were to show frequent conduct, "the frequency . . . does not compensate for the absence of the other factors." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1248 (11th Cir. 1999).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of July, 2009.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE