IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROGER REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:08cv602-WHA |
| ) | |
| DSI SECURITY SERVICES, INC. and ) | (WO) |
| NUCOR (American Buildings), ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This case is before the court on the order of the Magistrate Judge (Doc. #50), denying Plaintiff's Motion to Amend Complaint (Doc. #49), and the Plaintiff's objection thereto (Doc. #51).

The case is also before the court on the Report and Recommendation of the Magistrate Judge (Doc. #47) recommending that the Motions for Summary Judgment filed by the Defendants be granted, together with Plaintiff's objection to that Recommendation (Doc. #48).

## **Motion to Amend**

The court finds that the order of the Magistrate Judge denying the Plaintiff's Motion to Amend is neither clearly erroneous nor contrary to law. Therefore, pursuant to Rule 72(a), *Fed.R.Civ.P.*, the objection is OVERRULED.

**Report and Recommendation**

The Plaintiff argues, incorrectly, that because discovery was not permitted, the court must assume that he can prove all of his allegations. This is not correct. Plaintiff confuses the motion to dismiss standard with the summary judgment standard, and this Recommendation is based on the standard which the law requires in regard to motions for summary judgment.

For the reasons set out in the Recommendation, Reeves has not submitted evidence to establish a prima facie case for his retaliation claim.

As to his hostile work environment claim, the Plaintiff reiterates why he thinks his Complaint rises to the level of a hostile work environment, now alleging that he was sick, it was a matter of life and death, he could have died and the company would not have cared. Reeves still has not submitted evidence to establish facts from which a reasonable jury could find the existence of a hostile work environment. He does not relate the new "incidents" he sought to add to his Complaint in his last Motion to Amend. None of them individually or collectively would change the outcome. He attaches a timeline in which he tries to establish a causal connection between the filing of his EEOC charges and the nine incidents, as well as the severity and pervasiveness of the hostile work environment. The nine incidents spanned the time period from his filing of his first charge in October, 2006, until the last incident in May, 2008. Under existing law, these incidents still are not sufficiently severe or pervasive to establish a prima facie case of hostile work environment.

Therefore, after an independent evaluation and *de novo* review of this matter, this court agrees with the Magistrate Judge, the Plaintiff's objection is OVERRULED, the Recommendation of the Magistrate Judge is ADOPTED, and it is hereby ORDERED as follows:

1. The Motions for Summary Judgment filed by the Defendants (Docs. #35 and 39) are GRANTED.

2. Summary Judgment is entered in favor of the Defendants.

DONE this 27th day August, 2009.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE